# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| John Fralish, *on behalf of himself and others similarly situated*, | ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) ) | Jury Trial Demanded |
| v. | ) ) | |
| WorldVentures Marketing, LLC d/b/a DreamTrips and Rovia, LLC | ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

### Nature of this Action

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. John Fralish ("Plaintiff") brings this class action lawsuit against WorldVentures Marketing, LLC d/b/a DreamTrips ("DreamTrips") and Rovia, LLC ("Rovia") (collectively referred to as "Defendants") under the TCPA.

3. Mr. Fralish alleges that Defendants placed unsolicited pre-recorded telemarketing calls to his cellular telephone and that these telemarketing calls violate the TCPA because Defendants delivered more than one advertisement robocall to his telephone number, which he

1

uses as a residential line and which he registered with the National Do-Not-Call Registry ("DNC Registry"), without the prior express invitation or permission required by the TCPA.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227 and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. In particular, Defendant directed its calling conduct to Plaintiff's telephone in this district, and Plaintiff received Defendant's calls in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Mischawaka, Indiana.

8. Rovia, LLC is a Limited Liability Company whose sole member is WorldVentures Marketing, LLC.

9. WorldVentures Marketing, LLC is a Limited Liability Company.

## Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA prohibits automated calls to cellular telephones and numbers charged for the call

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service …. or any service for which the called party is charged for the call…" See 47 U.S.C. § 227(b)(1)(A).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). See 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

15. In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

3

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

<u>The National Do Not Call Registry</u>

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

19. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(XXX)-283-XXXX.

20. Plaintiff's cellular telephone number is for his personal use and not associated with a business.

21. Plaintiff uses his cellular telephone number as his residential line.

22. Plaintiff registered his cellular telephone number with the DNC Registry in or around May 2019.

23. Despite this, Plaintiff received pre-recorded calls from WorldVentures Marketing on September 8, 9, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 27, 28, 30, 2021 and October 1, 4, 5, 6, 7, 11, 12, 13, 15, 18, and 20. 2021.

24. All of the calls utilized the same pre-recorded message, which started with "Hi, this is Amy with DreamTrips on a recorded line".

25. "DreamTrips" is a registered trademark of WorldVentures.

26. After that pre-recorded message was played, another one would continue:

> Your recent sweeps entry in the Everyday Winner has been selected to receive a complimentary four-day, three-night dream vacation to your choice of Branson, Missouri, Smokey Mountain, Myrtle Beach, Hollywood Beach, Florida, or my personal favorite, magical Orlando, Florida. It is the happiest place on earth. I just need to confirm that you're over age 25, correct?

27. However, this was a marketing ploy as Plaintiff had not entered any sweepstakes and "Everyday Winner" is not a discernable company.

28. WorldVentures Marketing provides leisure travel services. WorldVentures Marketing sells DreamTrips memberships through a series of part-time and full-time individuals who receive a commission for each membership that is sold.

29. By purchasing a DreamTrips Membership, an individual has the ability to purchase a variety of vacations.

30. When a member inevitably books a trip, it is done through WorldVentures Marketing's wholly owned subsidiary, Rovia.

31. As such, the calls were made promoting the WorldVentures DreamTrips memberships and Rovia booking services.

32. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendants. The calls were an annoying, harassing nuisance.

33. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated.

34. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

35. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

36. The classes of persons Plaintiff proposes to represent are tentatively defined as:

DO NOT CALL LIST CLASS

> All persons within the United States to whom: (a) WorldVentures Marketing, LLC d/b/a DreamTrips and Rovia, LLC or a third party acting on their behalf, made at least two telephone solicitation calls during a 12-month period; (b) promoting their goods and/or services (c) to a telephone number registered on the National Do Not Call Registry for at least 30 days prior to the first call; (d) on or after four years from the filing of this lawsuit up until trial.

PRERECORDED CLASS

> All persons within the United States to whom: (a) WorldVentures Marketing, LLC d/b/a DreamTrips and Rovia, LLC or a third party acting on their behalf, made one or more telephone calls promoting its goods and/or services; (b) to a cellular telephone number; (c) through the use of an artificial or prerecorded voice; and (d) on or after four years from the filing of this lawsuit up until trial.

37. The classes as defined above are ascertainable because they are defined by reference to objective criteria.

38. The members of the classes as defined above are identifiable through phone records and phone number databases, as well as through class member claim forms.

39. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

40. Plaintiff is a member of the classes.

41. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

- Whether Defendants violated the TCPA by calling individuals on the National Do Not Call Registry;

- Whether Defendants' calls are solicitations;

- Whether Defendants made calls using an artificial or prerecorded voice;

- Whether Defendants are liable for others engaging in such conduct on their behalf;

- Whether Defendants placed calls without obtaining the recipients' prior express written consent for the call; and

- Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendants' actions.

42. Plaintiff's claims are typical of the claims of class members.

43. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44. The actions of the Defendants are generally applicable to the classes as a whole and to Plaintiff.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy

46. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violations of the TCPA's Do Not Call Provisions

47. Plaintiff incorporates the factual allegations from all previous paragraphs as if fully set forth herein.

48. Defendants violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating, or having one of their vendors initiate on their behalf, multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission.

49. Defendants' violations were negligent and/or willful.

50. The TCPA also authorizes an injunction and Plaintiff seeks to have Defendants be enjoined from making telemarketing calls to numbers on the National Do Not Call Registry absent an emergency circumstance.

### Count Two
### Violation of the TCPA's Automated Telemarketing Call Provisions

51. Plaintiff incorporates the factual allegations fcontained in paragraphs 1-46 as if fully set forth herein.

52. Defendants violated 47 U.S.C. § 227(b) by initiating, or having one of their vendors initiate on their behalf, calls to a cellular telephone number using an artificial or pre-recorded voice without Plaintiff's prior express written consent.

53. Defendants' violations were negligent and/or willful.

54. The TCPA also authorizes an injunction and Plaintiff seeks to have Defendants be enjoined from placing calls utilizing an artificial or pre-recorded voice absent an emergency circumstance.

## **RELIEF SOUGHT**

For himself and all members of the Classes, Plaintiff requests the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from placing calls using an artificial or pre-recorded voice or calling numbers on the National Do Not Call Registry;

F. An award to Plaintiff and the Classes of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

### **Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: November 15, 2021

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*/s/ Michael L. Greenwald*
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Phone: (561) 826-5477
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed classes*